IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA HURON | § | |
| | § | |
| VS | § | CIVIL ACTION NO. B-00-126 |
| | § | |
| DAYTON HUDSON CORPORATION | § | |
| D/B/A TARGET STORES | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
### TO REMAND AND MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, DAYTON HUDSON CORPORATION, D/B/A TARGET STORES, Defendant, and files this their Response to Plaintiff's Motion to Remand and Motion for Sanctions and in support thereof would respectfully show the Court as follows:

I.

Plaintiff makes four different arguments in his Motion for Remand and Motion for Sanctions, and these arguments are as follows:

1. That Plaintiff's complaint does not seek a dollar amount in excess of $70,000.00;

2. That the pleading is the instrument the Court should use to determine the amount in controversy, unless it appears the amount is not in good faith;

3. That the letters used as Exhibits in Defendant's Notice of Removal, as evidence that the amount in controversy exceeds $70,000.00 does not create an amount in controversy and does not show that there is an amount in excess of $75,0000.00; and,

4.  That Plaintiff only has medical expenses to date, of $10,482.00 and that the Requests for Disclosures clearly show that the amount in controversy does not exceed $75,000.00.

In order for Plaintiff to remand a case that has been removed, the Plaintiff has to show that she will not be able to recover more than the jurisdictional amount as a matter of law, in the event that she should be successful in State Court. <u>De Aguilar v. Boeing Co.</u> 47 F. 3d 1404, 1410-11 (5th Cir. 1995). Plaintiff's Motion for Remand clearly does not establish that if Plaintiff is successful, she would not be able to recover more than the jurisdictional amount as a matter of law. Plaintiff argues in Paragraph I and II in her Motion to Remand that the complaint does not seek a dollar amount in excess of $70,000.00 and that the pleading is the only instrument to determine the amount in controversy, unless it appears that the amount is not in good faith. The Defendant can clearly remove a case even where the complaint seeks damages below the minimum federal jurisdictional amounts, if the Defendant actually shows that the amount in controversy exceeds the jurisdictional amount. <u>I.D.</u> Although, Plaintiff's complaint does not seek damages in excess of $70,000.00, there is evidence that Plaintiff is seeking damages in excess of $75,000.00. As evidence in Plaintiff's own Exhibit in her Motion to Remand, Plaintiff's response to Request for Disclosure created some ambiguity and confusion as to whether he is seeking damages in excess of $75,000.00. Plaintiff's response to Request for Disclosure attached to her Motion to Remand and Motion for Sanctions. Plaintiff's Response to Requests for Disclosure (D), claims that she is making claims for permanent injury, disfigurement, past, present and future medical expenses and mental anguish. Plaintiff further stated that their current medical expenses total approximately

$12,920.69, with additional medical expenses anticipated to a total between $40,000.00 and $50,000.00. In addition, Plaintiff says that they are seeking compensatory damages in the amount of $70,000.00. First of all, it is not clear, and was not clear to Defendant whether the additional compensatory damages was in addition to the medical expenses currently incurred and those anticipated or was including the currently incurred medical expenses and those anticipated. Secondly, Plaintiff did not state that any of these amounts included the claims for mental anguish, permanent injury and disfigurement. Due to this confusion and ambiguity, counsel for Defendant, was compelled to write the letter which is attached to the Notice of Removal as Exhibit "F", requesting that Plaintiff clear up the confusion and to state whether in fact he would be seeking an amount in excess of $75,000.00. Further, in response to the letter attached as Exhibit "F", Plaintiff wrote a letter which was attached as Exhibit "E" to the Notice of Removal, which states that "at no time, Plaintiff's attorney ever represented that he would never seek a judgment over $75,000.00". Although Plaintiff did say that the Pleading speaks for itself, it seems Plaintiff intentionally further confused the issue knowing that we needed to know for purposes of removal.

II.

Plaintiff contends in her Motion to Remand that the letters attached as Exhibits to Defendant's Notice of Removal, do not create an amount over $75,000.00 and that the statement in the letter "at no time have I ever represented that I would never seek a judgment over $75,000.00" was merely a denial to Plaintiff's allegations. Plaintiff seems to be hiding in his bed of confusing correspondence and responses to Requests for Disclosure, so as to avoid removal. If as Plaintiff says that the Pleading speaks for itself, then Plaintiff's counsel

in support of the pleading which speaks for itself, speak along side this pleadings and in support of them, by stating clearly and concisely in his correspondence and his response to Requests for Disclosure that the damages sought do not exceed $75,000.00 However, Plaintiff has not done so, and instead chose to say that "at not time did he ever represent that he would never seek a judgment over $75,000.00".

III.

In addition, Plaintiff contends in her Motion to Remand that her damages of medical specials are $10,482.22 and that the Response to Request for Disclosure indicate that Plaintiff has never requested the jurisdictional sum. However, in Plaintiff's Response to Requests for Disclosure which are attached to Plaintiff's Motion to Remand, Plaintiff claims that her total medical expenses total $12,928.69, an amount which is different from that which she claims in her Motion to Remand, $10,482.22. Further, Plaintiff response to Requests for Disclosure (d) does not clearly indicate that she is not asking for a sum of the jurisdictional amount or in excess of the jurisdictional amounts because she has asked for medical expenses of $12,920.69 and an anticipated amount of $40,000.00 to $50,000.00. She has separately said that she will be seeking compensatory damages in an amount of $70,000.00, she did not clearly indicate whether the compensatory damages were in addition or including the medical expenses. Further, these amounts do not include any amounts that she is asking for in mental anguish, permanent injury and disfigurement.

IV.

Defendant has the right to remove a case should the evidence show that the amount in controversy actually excess the jurisdictional amounts. In Defendant's Notice of Removal,

Defendant has clearly shown that there is an amount in controversy which amounts the jurisdictional amounts. The pleadings do not have to show the jurisdictional amount, if there is other evidence to support that the amount in controversy excess the jurisdictional amount. Furthermore, in order for Plaintiff to remand a case which has been removed, the Plaintiff must establish that, if successful, it would not be able to recover more than the jurisdictional amount as a matter of law. Plaintiff cannot establish that. Plaintiff's correspondence indicates that "at not time did he ever represent that he would never seek a judgment over $75,000.00 or that the damages would dictate the ultimate discovery". Further, in Plaintiff's response to Requests for Disclosure (d), Plaintiff has indicated that there are total damages including those anticipated of $62,920.69 and that there are compensatory damages of $70,000.00. Whether Plaintiff is seeking one in the same, these amounts do not include damages where Plaintiff claims permanent injury, disfigurement, and mental anguish.

WHEREFORE, DEFENDANT, DAYTON HUDSON CORPORATION, D/B/A TARGET STORES, requests that this Court keep the removal and deny Plaintiff's Motion for Remand and Motion for Sanctions.

Respectfully submitted,

**LOPEZ, PETERSON & BENAVIDES**

_____
R.E. LOPEZ, JR.
Federal I.D. No.: 652
ALONZO RAMOS
Federal I.D. No.: 20667
5810 San Bernardo Avenue, Suite 101
Walker Plaza Building
Laredo, Texas 78041
(956) 718-2134 — Telephone
(956) 718-2045 — Facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing **Defendant's Response to Plaintiff's Motion to Remand and for Sanctions** was served via facsimile and/or certified mail, return receipt requested to the following counsel of record, pursuant to the Texas Rules of Civil Procedures, on the ____30____ day of August, 2000.

Mr. R.W. Armstrong, Esq.
R.W. ARMSTRONG & ASSOCIATES
2600 Old Alice Road, Suite A
Brownsville, Texas 78520

_____
R.E. LOPEZ, JR.

E:\WPDOCS\RELB\9888.022\PLEAD\RES2MTN2.REM  6