/1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

Michael N. Milby
Clerk of Court

| | | | |
|---|---|---|---|
| NORMA HURON | § | | |
| | § | | |
| VS | § | CIVIL ACTION NO. B-00-126 | |
| | § | | |
| DAYTON HUDSON CORPORATION | § | | |
| D/B/A TARGET STORES | § | | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

**Please restate the instruction before furnishing the information.**

1.    **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Office conference occurred on October 18, 2000.

Participants included:

Mr. R.W. Armstrong, Esq.
Attorney for the Plaintiff

Mr. R. E. Lopez, Jr. and Alonzo Ramos
Attorneys for the Defendant

2.    **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

3.    **Briefly describe what the case is about.**

Plaintiff is alleging that while shopping at the men's department inside of the Target store located in Brownsville, Texas, a large and heavy clothes rack became unbalanced and fell on Plaintiff. The clothes rack struck Plaintiff on the back, causing her to strike a nearby shopping cart, and then pinning her to the floor.

Defendant contends that Plaintiff was negligent in causing her own, injury.  Defendants further contend that the incident was caused by the negligence of a third party.  Defendants do not admit that the above stated facts are true but do contend that they are an accurate re-statement of Plaintiff's contentions.

4.    **Specify the allegation of federal jurisdiction.**

Total diversity.

5.    **Name the parties who disagree and the reasons.**

None.

6.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Currently the parties respond stating "none", however, this response may require amendment as discovery reveals greater information than is currently available.

7.    **List anticipated interventions.**

None.

8.    **Describe class action issues.**

None.

9.    **State whether each party represents that it has made the Initial Disclosure required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

Parties have made Initial Disclosures under state rules; and have met at least 14 days before the scheduling conference date.  All information will be exchanged during the discovery period.

10.   **Describe the proposed agreed discovery plan, including:**

A.    **Responses to all matters raised under Rule 26(f).**

Plaintiff believes that the timing and form of disclosures should be controlled by Federal Rule 26(a)(1).  The parties believe that

CHAPDF - www.texiio.com

substantial discovery will be necessary before determining whether this case may be suitable for settlement and/or resolution.

The parties do not believe that it is necessary to conduct discovery in phases, but do agree that discovery should focus on the alleged negligence which form the basis of Plaintiff's complaint and the damages, injuries and losses which the Plaintiff alleges she has incurred.

The Defendant anticipates the need to conduct discovery regarding Plaintiff's conduct with regard to the event in question and the Plaintiff's negligence.

The parties do not anticipate the need for limitation to the Federal or Local Rules regarding discovery.

**B.      When and to whom the Plaintiff anticipates it may send Interrogatories.**

Plaintiff served Interrogatories upon the Defendant on November 17, 2000.

**C.      When and to whom the Defendant anticipates it may send Interrogatories.**

Defendants anticipate that they will propound their respective Interrogatories by December 31, 2000.

**D.      Of whom and by when the Plaintiff anticipates taking the oral depositions.**

Plaintiff anticipates that she will take oral depositions of Corporate Representatives of the Defendant who have knowledge of the corporate policies and procedures. Plaintiff is unaware of the identity and number of depositions which may be required for ascertaining the information concerning the aforementioned information. This discovery should be completed by January 31, 2001.

**E.      Of whom and by when the Defendant anticipates taking oral depositions.**

The Defendant anticipates the need to obtain oral depositions from, family or friends that were with Plaintiff at the time of the incident, fact witnesses, and Mrs. Huron's treating physicians. This discovery should be completed by February 28, 2001. Such

discovery does not include the depositions of any parties' expert witnesses.

F.    **When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(13) and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties have agreed that Plaintiff will designate experts by February 15, 2000 and will provide expert reports on or before February 20, 2000.

The Defendants will designate experts by March 1, 2001, and will provide expert reports on or before March 15, 2001.

G.    **List expert depositions the Plaintiff (or the party with the burden of proof of an issue) anticipates taking and their anticipated completion dates.  See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates the need to depose Defendants' retained experts and will complete same by February 15, 2001.

H.    **List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates the need to depose Plaintiff's retained experts and will complete same on March 15, 2001.

11.   **If the parties are not agreed on a part of the discovery plan describe the separate view and proposals of each party.**

Not applicable.

12.   **Specify the discovery beyond Initial Disclosures that has been undertaken to date.**

The deposition of the Plaintiff was taken on June 15, 2000.

13.   **State the date planned discovery can reasonably be completed.**

Plaintiff and Defendant anticipate that discovery will be completed on March 30, 2001.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    It was concluded that such discussions are not possible at this stage and substantial discovery will be necessary.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Cooperate with the disclosures process and engage in open discussion.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The most reasonable ADR technique will likely be mediation however the parties are not yet able to state when such an effort should be scheduled.

17. **Magistrate Judges may now hear Jury and non-jury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    Defendant would rather not have a Magistrate Judge and Plaintiff has no objection.

18. **State whether a Jury Demand has been made and if twas made on time.**

    A Jury has been demanded timely.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate that 2- 3 days of trial time will be required.

20. **List pending motions that could be ruled on at the Initial Pre-trial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22.    **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

      None.

23.    **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosures of Interested Parties, listing the date of filing for original and any amendments.**

      Defendants filed their Disclosures of Interested Parties on August 30, 2000.

24.    **List the names, bar numbers, addresses and telephone numbers of all counsel.**

R. W. Armstrong
Federal I.D. No.: 2237
R. W. ARMSTRONG & ASSOCIATES
2600 Old Alice Road
Brownsville, Texas    78521
(956) 546-5556 - Telephone
(956) 546-0470 - Facsimile

R. E. Lopez, Jr.
Federal I.D. No.: 652
Alonzo Ramos
Federal I.D. No.: 20667
LOPEZ, PETERSON & BENAVIDES
5810 San Bernardo Ave., Suite 101
Walker Plaza Bldg.
Laredo, Texas    78041
(956) 718-2134 - Telephone
(956) 718-2045 - Facsimile

Case 1:00-cv-00126   Document 11   Filed in TXSD on 12/04/2000   Page 7 of 7

Respectfully submitted,

R.E. LOPEZ, JR.
Federal I.D. No.: 652
RENE CARLO BENAVIDES
Federal I.D. No.: 24025248
5810 San Bernardo Avenue, Suite 101
Walker Plaza Building
Laredo, Texas 78041
(956) 718-2134 — Telephone
(956) 718-2045 — Facsimile
Attorney for Defendant

R. W. Armstrong
Federal I.D. No.: 2237
R. W. ARMSTRONG & ASSOCIATES
2600 Old Alice Road
Brownsville, Texas 78521
(956) 546-5556 - Telephone
(956) 546-0470 - Facsimile

7